**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 6 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30131 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00336-JCC-1 |
| v. | |
| PAUL G. HURLEY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted August 31, 2017**
Seattle, Washington

Before: McKEOWN and GOULD, Circuit Judges, and FOOTE,*** District Judge.

While Paul Hurley was an Internal Revenue Service ("IRS") agent, he

conducted a tax audit of Ryan Kunkel's business, Have a Heart Compassion Care,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Elizabeth E. Foote, United States District Judge for the Western District of Louisiana, sitting by designation.

Inc. Hurley was indicted under the federal statute prohibiting public officials from soliciting and receiving bribes and illegal gratuities after Kunkel paid Hurley $20,000. After a jury convicted Hurley, the district court sentenced him to 30 months in prison followed by three years of supervised release. Hurley appeals his conviction and his sentence. Because Hurley failed to renew his motion for judgement of acquittal following the submission of all evidence, we review the sufficiency of the evidence underlying the conviction for plain error. *United States v. Cruz*, 554 F.3d 840, 844 (9th Cir. 2009).

Hurley argues that insufficient evidence supports his conviction for receiving a bribe under 18 U.S.C. § 201(b)(2). Evidence is legally sufficient if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" when viewing the evidence in the light most favorable to the government. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). A defendant may be convicted of receiving a bribe if he "receive[s] a thing of value knowing that it was given with the expectation that the official would perform an 'official act,' in return," even if the defendant had no intention of actually performing the act. *McDonnell v. United States*, 136 S. Ct. 2355, 2371 (2016).

The evidence at trial showed that Kunkel paid Hurley two cash payments in connection with a favorable tax audit. Hurley did not expand the audit to include Kunkel's related businesses and Hurley's report represented that Kunkel could not

make any payments on his tax bill, despite Kunkel's ability to pay Hurley $20,000. A rational jury could find that the payments influenced the official act of the tax audit and induced Hurley to violate his official duties as an IRS agent. *See* 18 U.S.C. §§ 201(b)(2)(A), (C).

Hurley also challenges his conviction for receiving an illegal gratuity under 18 U.S.C. § 201(c). This conviction was entered as a lesser included offense to the bribery-solicitation count upon which the jury did not convict. Hurley is precluded from challenging the jury's verdict regarding this crime because he asked that the jury be permitted to consider it as a lesser included offense on this count. *United States v. Butler*, 74 F.3d 916, 918 n.1, 924 (9th Cir. 1996) (rejecting argument that conviction on lesser included offense was improper when defendant himself requested the challenged instruction). Even if Hurley received nothing of value on the day he allegedly solicited the $20,000, his actions at trial invited any error in the verdict. *See United States v. Frank*, 36 F.3d 898, 903 (9th Cir. 1994) ("The doctrine of invited error prevents a defendant from complaining of an error that was his own fault." (citation omitted)).

Lastly, Hurley argues that the district court erred by imposing a sentencing enhancement based on an incorrect calculation of the loss amount. The court committed no clear error in finding that the loss exceeded $550,000, so a 14-level enhancement was appropriate under the Sentencing Guidelines. *See* U.S.S.G.

§ 2B1.1(b)(1)(H); *United States v. Renzi*, 769 F.3d 731, 757 (9th Cir. 2014) (reviewing factual findings at sentencing for clear error).

**AFFIRMED.**